**RECORD NO. 14-4671**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

RAMON R. HOPE,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA, AT ROCK HILL

The Honorable Margaret B. Seymour, Senior U.S. District Court Judge

**OPENING BRIEF OF APPELLANT
RAMON R. HOPE**

W. Michael Duncan
AUSTIN & ROGERS, P.A.
Congaree Building
P.O. Box 11716 (29211)
508 Hampton Street, Suite 300
Columbia, South Carolina 29201
(803) 256-4000 Telephone
wmduncan@austinrogerspa.com

*Counsel for Appellant*

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................................... ii

JURISDICTION ........................................................................................................ 1

STATEMENT OF ISSUES ....................................................................................... 1

STATEMENT OF THE CASE .................................................................................. 1

STATEMENT OF FACTS ........................................................................................ 2

SUMMARY OF ARGUMENT ................................................................................. 4

ARGUMENT ............................................................................................................. 5

STANDARD OF REVIEW ....................................................................................... 5

I.   THE DISTRICT COURT ERRED IN FINDING THAT THE HARASSMENT EXCEPTION TO THE EXCLUSIONARY RULE WAS NOT APPLICABLE IN THIS CASE .................................................... 5

CONCLUSION .......................................................................................................... 8

CERTIFICATE OF COMPLIANCE ......................................................................... 9

CERTIFICATE OF SERVICE ................................................................................ 10

# TABLE OF AUTHORITIES

## CASES

Page

Johnson v. United States,
    529 U.S. 694 (2000)..................................................................................5

United States v. Armstrong,
    187 F.3d 392 (4th Cir. 1999) ...................................................................5

United States v. Farmer,
    512 F.2d 160 (6th Cir. 1975) *cert. denied*, 423 U.S. 1987 (1975) ....................6

United States v. Gravina,
    906 F. Supp. 51 (D. Mass. 1995).......................................................6

United States v. James,
    893 F. Supp. 649 (E.D. Tx. 1995) ................................................6, 7

United States v. Miller,
    557 F.3d 910 (8th Cir. 2009) ...................................................................5

United States v. Montez,
    952 F.2d 854 (5th Cir. 1992) ...................................................................6

United States v. Pregent,
    190 F.3d 279 (4th Cir. 1999) ...................................................................5

United States v. Whalen,
    82 F.3d 528 (1st Cir. 1996)......................................................................5

## STATUTES

18 U.S.C. § 3583(e)(3)..................................................................................5
18 U.S.C. § 3742 .........................................................................................1
28 U.S.C. § 1291 .........................................................................................1

## JURISDICTION

This appeal arises from the revocation of supervised release of Appellant Ramon R. Hope in the United States District Court for the District of South Carolina, Rock Hill Division. The District Court had original jurisdiction in this criminal case.

On August 21, 2014, the District Court revoked Mr. Hope's supervised release and sentenced him to twelve (12) months incarceration followed by twelve (12) months of supervised release. This Court has jurisdiction to review the District Court's Judgment pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## STATEMENT OF ISSUE

Did the District Court commit reversible error in revoking Ramon Hope's supervised release when the alleged violation stemmed from an arrest for drug charges in State Court that were dismissed for violating the Fourth Amendment?

## STATEMENT OF THE CASE

Appellant Ramon Hope began serving a three year term of supervised release on November 10, 2012. He was arrested on April 1, 2013 by the Rock Hill Police Department and charged with Trafficking in Cocaine 2nd Offense. On August 22, 2013, Mr. Hope was indicted by the Grand Jury in York

1

County General Sessions Court for Possession With Intent to Distribute Cocaine and Possession With Intent to Distribute Cocaine in Proximity of a School. United States Probation Officer Jake N. Bookard, II, filed a Petition for Warrant or Summons for Offender under Supervision on January 23, 2014 due to the drug charges. There were two other charges listed on the January 23, 2014 Petition but the only grounds for the revocation at the supervised release revocation hearing were the drug charges that arose on April 1, 2013. The two drug charges in York County General Sessions Court were dismissed on or about February 19, 2014 as the State Court determined that the seizure of cocaine violated the Fourth Amendment.

The District Court held a revocation hearing for Mr. Hope on August 21, 2014. The Court overruled Mr. Hope's objections to the Petition for supervised release and found that he had violated his supervised release. Mr. Hope was sentenced to 12 months in custody followed by 12 months of supervised release. This appeal followed.

## STATEMENT OF FACTS

Ramon Hope was on supervised release as of November 10, 2012 (Joint Appendix, hereinafter "JA", at 20). Therefore, at the time of the revocation hearing, Mr. Hope had been on supervised release for almost two years. Mr. Hope was arrested by police officers with the Rock Hill City Police

2

Department on April 1, 2013 at the home where he resided with his mother (JA at 28). Mr. Hope adamantly refused to consent to a search of his person while he was at his residence (JA at 26-27). The extent of his refusal is shown on a CD that is included as Joint Appendix Volume II, hereinafter "JA II", that is a video of Mr. Hope's arrest that was introduced as Government's Exhibit 1 at the supervised release revocation hearing. The arresting officers ignored Mr. Hope's vehement protests of a search and proceeded to search him while he is in his yard. Officers grab him, hold him down and search his person. Much of this is seen on JA II, although the actual removal of the substance which is later determined to be cocaine is not seen on the video. After viewing JA II, it is clear that Mr. Hope was searched without consent and that search violated the Fourth Amendment.

    The District Court questioned the Government regarding the basis for the search of Mr. Hope's body (JA at 49 and 51). Officer Benjamin Glynn testified that he knew there was not a gun in play but knew there were narcotics and "did feel that I needed to recover those narcotics because I knew what they were" (JA at 51). Officer Glynn had initiated the search of Mr. Hope based on the raw odor of marijuana (JA at 40 and 57). However, Officer Glynn did not find any marijuana on Mr. Hope (JA at 57). Officer Glynn and the other officers on scene made a determination that they were

3

going to complete the search of Mr. Hope no matter what. References were made by the officers to cutting in Mr. Hope's genital area in order to get the substance out of his underwear (JA at 30-31 and at 45-46). Ultimately, a cut was made by Officer Glynn with his knife to Mr. Hope's underwear and drugs were removed (JA at 46).

## SUMMARY OF ARGUMENT

The District Court erred in determining the exclusionary rule did not apply in this situation given the nature of the physical search of Ramon Hope. Although "harassment" has not been well-defined by the Courts in the context of a supervised release proceeding, the graphic nature of the intrusive search of Ramon Hope's genital area rises to the level of harassment by the arresting officers. The 8.57 grams of cocaine that were found on Mr. Hope's person should have been excluded and there would have been no grounds for the revocation of his supervised release. Appellant seeks a reversal of the decision that he violated the terms of supervised release.

# ARGUMENT

# STANDARD OF REVIEW

The standard of review for determining whether the District Court erred in determining a violation of supervised release is abuse of discretion. United States v. Pregent, 190 F. 3d 279 (4th Cir. 1999). The district court determines whether a supervised release occurred by a preponderance of the evidence. 18 U.S.C. Section 3583(e)(3); Johnson v. United States, 529 U.S. 694, 700 (2000). The appellate court reviews for clear error factual determinations underlying the conclusion that a violation occurred. United States v. Miller, 557 F. 3d 910, 914 (8th Cir. 2009); United States v. Whalen, 82 F.3d 528, 532 (1st Cir. 1996).

**I. THE DISTRICT COURT ERRED IN FINDING THAT THE HARASSMENT EXCEPTION TO THE EXCLUSIONARY RULE WAS NOT APPLICABLE IN THIS CASE.**

The District Court specifically cited United States v. Armstrong, 187 F. 3d 392 (4th Cir. 1999) and held that Armstrong required a decision that the exclusionary rule does not apply in supervised release revocation hearings. (JA at 31). Appellant's counsel acknowledged that Armstrong was on point but argued that an exception existed when police harassment was involved. (JA at 31).

5

Mr. Hope's case is centered on whether the exclusionary rule applies in this situation. The general rule as set forth in Armstrong is that the exclusionary rule does not apply in a supervised release revocation hearing. Applying the general rule, the District Court determined that the Government had proven by a preponderance of the evidence that Mr. Hope was in possession of illegal drugs (cocaine) and that he had thus violated his supervised release. (JA at 67).

However, case law in numerous circuits provide an exception that wrongly seized evidence is inadmissible where the defendant is the victim of police harassment. *See, e.g.*, United States v. Montez, 952 F. 2d 854, 857 (5th Cir. 1992); United States v. Farmer, 512 F. 2d 160, 162 (6th Cir. 1975) cert. denied, 423 U.S. 1987 (1975). A District Court stated that the harassment exception has often been noted but rarely defined or successfully invoked. United States v. Gravina, 906 F. Supp. 51 (D. Mass. 1995). The Gravina case cited with approval a Texas case that attempted to set forth the parameters to guide the determination of whether police conduct amounts to harassment sufficient to invoke the exclusionary rule. *See,* United States v. James, 893 F. Supp. 649, 650-51 (E.D. Tx. 1995). The James Court stated that absent guidance from ruling precedent, the term "harassment" should be evaluated in its plain and ordinary meaning. The

6

Court then quoted Webster's Dictionary definition of "harass" as "to weary with importunity, care or perplexity" and "to wear, to fatigue to excess, to tire….". Id. at 651. Therefore, harassment is most often a repeated incident—an element of constancy should be present in the type of harassment necessary to invoke the exclusionary rule in this context. Additionally, where harassment may be a singular act, at least some irregularity in the conduct of the police officials must be present. Id. at 651.

The fact that the harassment exception has been rarely defined does not mean that it is impossible to meet. Mr. Hope's encounter with the Rock Hill City Police was a singular event. However, if the physical encounter shown on video in JA Vol. II does not rise to the level of "some irregularity in the conduct of police officials", it is hard to imagine what would rise to that level. Mr. Hope is prodded in his genital area while in his own yard, the police are yelling "cut it" numerous times while in the vicinity of Mr. Hope's genitals, and the officers ultimately cut a flap in Mr. Hope's underwear to remove the substance from Mr. Hope's person. The State Court determined that the search violated the Fourth Amendment so that issue was not in dispute. Appellant respectfully submits that the illegal search of his person on his own property was outrageous and does rise to the level of harassment such that the cocaine that was seized should have

7

been excluded. In the absence of the illegally seized cocaine, there would have been no basis for the revocation of Mr. Hope's supervised release.

## **CONCLUSION**

For the reasons set forth more fully above, Appellant requests that this Court overturn the District Court's decision that he violated the terms of his supervised release. If the arguments set forth in the Brief are not sufficient for this Court to grant the requested relief, counsel for Appellant requests the opportunity to present oral argument to this Court in support of his position.

Respectfully submitted,

**AUSTIN & ROGERS, PA**

/s/ W. Michael Duncan
W. Michael Duncan (FED ID # 6173)
508 Hampton Street, Suite 300
Post Office Box 11716 (29211)
Columbia, South Carolina 29201
(O) (803) 256-4000
(F) (803) 252-3679
Attorney for Appellant Hope

January 14, 2015

8

## **CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This brief complies with the Type-volume limitation of Fed. R. App. 32(a)(7)(B) because:

   The page count of this brief is 8 pages.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   This brief has been prepared in a proportionally spaced typeface using Microsoft Word, Times New Roman, 14 point.

January 14, 2015

                                               /s/ W. Michael Duncan
                                               W. Michael Duncan (FED ID # 6173)

## CERTIFICATE OF SERVICE

In accordance with Rule 25 of the Rules of the United States Court of Appeals for the Fourth Circuit, I hereby certify that I have this January 14, 2015, filed the required copies of the foregoing Opening Brief of Appellant in the Office of the Clerk of the Court, via hand delivery and have electronically filed the Brief of Appellant using the Court's CM/ECF system which will send notification of such filing to the following counsel:

William E. Day, II
Office of the U.S. Attorney
P,O, Box 1567
Florence, SC 29501
bill.day@usdoj.gov
Counsel for Appellee

                                                /s/ W. Michael Duncan
                                                W. Michael Duncan (FED ID # 6173)